**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | 19-33937 |

☐ Check if this is an amended filing

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

| | **Your assets** Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B) 1a. Copy line 55, Total real estate, from Schedule A/B............................................................ | $    0.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B.................................................... | $    3,631.98 |
| 1c. Copy line 63, Total of all property on Schedule A/B............................................................. | $    3,631.98 |

**Part 2:    Summarize Your Liabilities**

| | **Your liabilities** Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $    0.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $    0.00 |
| 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $    37,169.00 |
| **Your total liabilities** | $    37,169.00 |

**Part 3:    Summarize Your Income and Expenses**

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*................................................................. | $    2,703.13 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*........................................................................ | $    2,803.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor 1    **Jaki Rashed Clanton**                                    Case number *(if known)*  **19-33937**

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
   122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                              $          4,129.33

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $          0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $          0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $          0.00 |
| 9d. Student loans. (Copy line 6f.) | $       16,193.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $          0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$          0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $       16,193.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number | **19-33937** |

☐ Check if this is an
    amended filing

## Official Form 106A/B

# Schedule A/B: Property
<div align="right">12/15</div>

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ■ No. Go to Part 2.
   ☐ Yes.  Where is the property?

**Part 2:   Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ■ No
   ☐ Yes

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................................................=>**

| |
|---|
| **$0.00** |

**Part 3:   Describe Your Personal and  Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

| **Furniture** | **$425.00** |
|---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Debtor 1    **Jaki Rashed Clanton**                                              Case number *(if known)*    **19-33937**

■ Yes.  Describe.....

| | |
|---|---|
| 1 TV 2 Computers 1 Cell Phone | $700.00 |

**8. Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
   other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

**9. Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
   musical instruments
   ■ No
   ☐ Yes.  Describe.....

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ■ No
   ☐ Yes.  Describe.....

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes.  Describe.....

| | |
|---|---|
| Clothing | $200.00 |

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ■ No
   ☐ Yes.  Describe.....

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ■ No
   ☐ Yes.  Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
     for Part 3. Write that number here** ............................................................................

| |
|---|
| **$1,325.00** |

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ☐ No
   ■ Yes.................................................................................................

| | |
|---|---|
| **Cash** | $46.00 |

| Debtor 1 | **Jaki Rashed Clanton** | | Case number *(if known)* | **19-33937** |

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
■ Yes.......................

Institution name:

| | | | | |
|---|---|---|---|---|
| 17.1. | **Checking** | **VARO** | | $4.90 |
| 17.2. | **Spending** | **Chime** | | $1.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes.................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No
☐ Yes.  Give specific information about them...................
Name of entity:                                      % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them
Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
■ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| **401(k)** | **John Hancock/The Trustees of ASGCO Manufacturing, Inc. 401(k) Plan** | $1,155.08 |

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. ....................    Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes.  Give specific information about them...

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Jaki Rashed Clanton**                                    Case number *(if known)*    **19-33937**

---

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
    benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    Company name:                          Beneficiary:                          Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ☐ No
    ■ Yes.  Give specific information..

| Wages garnished by Chesterfield Federal Credit Union | $1,100.00 |
|---|---|

36.   **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**
      **for Part 4. Write that number here................................................................................................................**

| $2,306.98 |
|---|

**Part 5:**   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.

Debtor 1    **Jaki Rashed Clanton**    Case number *(if known)*    **19-33937**

☐ Yes.  Go to line 38.

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| Part 7: | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** ..................................... | **$0.00**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| 55. | **Part 1: Total real estate, line 2** ............................................................................................. | | **$0.00** |
|---|---|---|---|
| 56. | **Part 2: Total vehicles, line 5** | **$0.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$1,325.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$2,306.98** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54** | +    **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$3,631.98** | Copy personal property total    **$3,631.98** |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$3,631.98** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | **19-33937** |

☐ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt
**4/19**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Furniture**<br>Line from *Schedule A/B*: **6.1** | $425.00 | ☑ $425.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-26(4a) |
| **1 TV 2 Computers 1 Cell Phone**<br>Line from *Schedule A/B*: **7.1** | $700.00 | ☑ $700.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-26(4a) |
| **Clothing**<br>Line from *Schedule A/B*: **11.1** | $200.00 | ☑ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-26(4) |
| **Cash**<br>Line from *Schedule A/B*: **16.1** | $46.00 | ☑ $46.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |
| **Checking: VARO**<br>Line from *Schedule A/B*: **17.1** | $4.90 | ☑ $4.90<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com              Best Case Bankruptcy

Debtor 1    **Jaki Rashed Clanton**                                                    Case number (if known)    19-33937

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Spending: Chime**<br>Line from *Schedule A/B*: **17.2** | $1.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |
| **401(k): John Hancock/The Trustees of ASGCO Manufacturing, Inc. 401(k) Plan**<br>Line from *Schedule A/B*: **21.1** | $1,155.08 | ■ $1,155.08<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-34 |
| **Wages garnished by Chesterfield Federal Credit Union**<br>Line from *Schedule A/B*: **35.1** | $1,100.00 | ■ $1,100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■ No

    ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐ No

        ☐ Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number | 19-33937 |
| (if known) | |

☐ Check if this is an
amended filing

Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space
is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case
number (if known).

**1. Do any creditors have claims secured by your property?**

☑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number | **19-33937** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☐ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | | Total claim |
|---|---|---|---|---|
| 4.1 | **Chesterfield Federal C** | Last 4 digits of account number | 0100 | $11,794.00 |
| | Nonpriority Creditor's Name | | | |

**6737 Public Safety Way
Chesterfield, VA 23832**

When was the debt incurred?    **Opened 06/15  Last Active 4/20/16**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **2007 Acura: Repossessed 2016**

Debtor 1   **Jaki Rashed Clanton**

Case number (if known)   **19-33937**

---

| 4.2 | **Dept of Ed / Navient** | Last 4 digits of account number | **1003** | $4,677.00 |

Nonpriority Creditor's Name
**Attn: Claims Dept**
**Po Box 9635**
**Wilkes Barr, PA 18773**

When was the debt incurred?    **Opened 10/16  Last Active 6/30/19**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify

**Educational**

---

| 4.3 | **Dept of Ed / Navient** | Last 4 digits of account number | **1008** | $3,657.00 |

Nonpriority Creditor's Name
**Attn: Claims Dept**
**Po Box 9635**
**Wilkes Barr, PA 18773**

When was the debt incurred?    **Opened 10/15  Last Active 6/30/19**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify

**Educational**

---

| 4.4 | **Dept of Ed / Navient** | Last 4 digits of account number | **1008** | $2,317.00 |

Nonpriority Creditor's Name
**Attn: Claims Dept**
**Po Box 9635**
**Wilkes Barr, PA 18773**

When was the debt incurred?    **Opened 10/15  Last Active 6/30/19**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify

**Educational**

---

Debtor 1    **Jaki Rashed Clanton**                                                   Case number (if known)    **19-33937**

---

| 4.5 | **Dept of Ed / Navient** | Last 4 digits of account number | **0212** | | **$2,283.00** |

Nonpriority Creditor's Name

**Attn: Claims Dept
Po Box 9635
Wilkes Barr, PA 18773**

When was the debt incurred?    **Opened 02/18  Last Active
6/30/19**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a  community debt**

■ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

☐ Other. Specify _____

**Educational**

---

| 4.6 | **Dept of Ed / Navient** | Last 4 digits of account number | **1003** | | **$2,197.00** |

Nonpriority Creditor's Name

**Attn: Claims Dept
Po Box 9635
Wilkes Barr, PA 18773**

When was the debt incurred?    **Opened 10/16  Last Active
6/30/19**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a  community debt**

■ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

☐ Other. Specify _____

**Educational**

---

| 4.7 | **Dept of Ed / Navient** | Last 4 digits of account number | **0212** | | **$1,062.00** |

Nonpriority Creditor's Name

**Attn: Claims Dept
Po Box 9635
Wilkes Barr, PA 18773**

When was the debt incurred?    **Opened 02/18  Last Active
6/30/19**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a  community debt**

■ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

☐ Other. Specify _____

**Educational**

---

| Debtor 1 | **Jaki Rashed Clanton** | | Case number (if known) | **19-33937** |
|---|---|---|---|---|

---

| 4.8 | **Medical Data Systems Inc** | Last 4 digits of account number | **5551** | $8,913.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy Dept**
**2001 9th Ave Ste 312**
**Vero Beach, FL 32960**

| When was the debt incurred? | **Opened  8/24/18  Last Active 11/17** |

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Contingent

☐ Debtor 2 only
☐ Unliquidated

☐ Debtor 1 and Debtor 2 only
☐ Disputed

☐ At least one of the debtors and another
**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a  community debt**
☐ Student loans

**Is the claim subject to offset?**
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes
■ Other. Specify   **Collection Attorney Southside Regional Medical Cen**

---

| 4.9 | **United Consumers Inc** | Last 4 digits of account number | **2297** | $269.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy Dept**
**Po Box 4466**
**Woodbridge, VA 22192**

| When was the debt incurred? | **Opened 06/18  Last Active 11/17** |

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Contingent

☐ Debtor 2 only
☐ Unliquidated

☐ Debtor 1 and Debtor 2 only
☐ Disputed

☐ At least one of the debtors and another
**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a  community debt**
☐ Student loans

**Is the claim subject to offset?**
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes
■ Other. Specify   **Collection Attorney Radiology Associates Of Richmo**

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | | | Total Claim |
|---|---|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ | | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | | 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | | 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | | 0.00 |
| | | | | | | Total Claim |
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | | 16,193.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that** | 6g. | $ | | |

---

Debtor 1   **Jaki Rashed Clanton**                                        Case number *(if known)*    **19-33937**

|  | | | | |
|---|---|---|---|---|
| | **you did not report as priority claims** | | | **0.00** |
| 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | **0.00** |
| 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | **20,976.00** |
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | **37,169.00** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number | 19-33937 |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |
| 2.1 _____ Name | |
| _____ Number      Street | |
| _____ City          State          ZIP Code | |
| 2.2 _____ Name | |
| _____ Number      Street | |
| _____ City          State          ZIP Code | |
| 2.3 _____ Name | |
| _____ Number      Street | |
| _____ City          State          ZIP Code | |
| 2.4 _____ Name | |
| _____ Number      Street | |
| _____ City          State          ZIP Code | |
| 2.5 _____ Name | |
| _____ Number      Street | |
| _____ City          State          ZIP Code | |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number | 19-33937 |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| 3.1 _____<br>Name<br><br>_____<br>Number     Street<br>_____<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| 3.2 _____<br>Name<br><br>_____<br>Number     Street<br>_____<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **19-33937** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income                                                        12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | **Service Technician** | |
| Employer's name | **ASGCO Manufacturing Inc.** | |
| Employer's address | **2371 Lanier Rd**<br>**Rockville, VA 23146** | |
| How long employed there? | **1.5 years** | |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. $ **4,129.33** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross Income.**  Add line 2 + line 3. | 4. $ **4,129.33** | $ **N/A** |

Debtor 1    **Jaki Rashed Clanton**                                          Case number (*if known*)    **19-33937**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ **4,129.33** | $ **N/A** |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ **907.90** | $ **N/A** |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **N/A** |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ **333.47** | $ **N/A** |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **N/A** |
| 5e. **Insurance** | 5e. | $ **184.83** | $ **N/A** |
| 5f. **Domestic support obligations** | 5f. | $ **0.00** | $ **N/A** |
| 5g. **Union dues** | 5g. | $ **0.00** | $ **N/A** |
| 5h. **Other deductions.** Specify: | 5h.+ | $ **0.00** + | $ **N/A** |

6. **Add the payroll deductions.**  Add lines 5a+5b+5c+5d+5e+5f+5g+5h.     6.     $ **1,426.20**     $ **N/A**

7. **Calculate total monthly take-home pay.**  Subtract line 6 from line 4.     7.     $ **2,703.13**     $ **N/A**

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **N/A** |
| 8b. **Interest and dividends** | 8b. | $ **0.00** | $ **N/A** |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **N/A** |
| 8d. **Unemployment compensation** | 8d. | $ **0.00** | $ **N/A** |
| 8e. **Social Security** | 8e. | $ **0.00** | $ **N/A** |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ **0.00** | $ **N/A** |
| 8g. **Pension or retirement income** | 8g. | $ **0.00** | $ **N/A** |
| 8h. **Other monthly income.** Specify: | 8h.+ | $ **0.00** + | $ **N/A** |

9. **Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h.     9.     $ **0.00**     $ **N/A**

10. **Calculate monthly income.**  Add line 7 + line 9.     10.   $ **2,703.13**  +  $ **N/A**  =  $ **2,703.13**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                                                                                            11.   +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies     12.   $ **2,703.13**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:

**Fill in this information to identify your case:**

Debtor 1    **Jaki Rashed Clanton**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   EASTERN DISTRICT OF VIRGINIA

Case number   **19-33937**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

         ☐ No
         ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**   ■ No

    Do not list Debtor 1 and Debtor 2.   ☐ Yes.  Fill out this information for each dependent..............

    Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No  ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|

| | | | |
|---|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ | **905.00** |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. $ | **0.00** |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | **0.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | **40.00** |
| 4d. | Homeowner's association or condominium dues | 4d. $ | **0.00** |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | **0.00** |

Debtor 1    **Jaki Rashed Clanton**                                    Case number (if known)    **19-33937**

| 6. | **Utilities:** | | | |
|---|---|---|---|---|
| | 6a. Electricity, heat, natural gas | 6a. | $ | 0.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ | 0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 100.00 |
| | 6d. Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 500.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 40.00 |
| 10. | **Personal care products and services** | 10. | $ | 110.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 70.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 240.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 100.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | 0.00 |
| | 15b. Health insurance | 15b. | $ | 0.00 |
| | 15c. Vehicle insurance | 15c. | $ | 130.00 |
| | 15d. Other insurance. Specify:   **Renter's Insurance** | 15d. | $ | 12.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. Other. Specify: | 17c. | $ | 0.00 |
| | 17d. Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | | $ | 180.00 |
| | Specify:   **Dues for brother's AAU Football Program** | 19. | | |
| | **Mother's elecricity bill** | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | | |
| | 20a. Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. Real estate taxes | 20b. | $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify:    **Payment to cousin for use of vehicle** | 21. | +$ | 316.00 |
| | **E-cigarrettes** | | +$ | 60.00 |

| 22. | **Calculate your monthly expenses** | | | |
|---|---|---|---|---|
| | 22a. Add lines 4 through 21. | | $ | 2,803.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | | $ | 2,803.00 |

| 23. | **Calculate your monthly net income.** | | | |
|---|---|---|---|---|
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 2,703.13 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 2,803.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | -99.87 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    | Explain here: |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Jaki Rashed Clanton** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number | **19-33937** |
| (if known) | |

☐ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____    Attach *Bankruptcy Petition Preparer's Notice,*
*Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X **/s/ Jaki Rashed Clanton** | X |
|---|---|
| **Jaki Rashed Clanton** | Signature of Debtor 2 |
| Signature of Debtor 1 | |

Date  **August 19, 2019**          Date _____

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Jaki Rashed Clanton** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA | | |
| Case number (if known) | 19-33937 | | |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/19

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ☐ Married
   ■ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ☐ No
   ■ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| **101 Bumblebee Road Mc Henry, MD 21541** | From-To: **9/2015-6/2017** | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 From-To: |
| **16409 Courthouse Rd Dinwiddie, VA 23841** | From-To: **6/2017-8/2017** | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 From-To: |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ■ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2 Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| Debtor 1 | | Debtor 2 | |
|---|---|---|---|
| Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    **Jaki Rashed Clanton**    Case number (*if known*) **19-33937**

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $24,776.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For last calendar year:**<br>**(January 1 to December 31, 2018 )** | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $33,672.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2017 )** | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $22,601.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

**5.    Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

■ No
☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) | Sources of income<br>Describe below. | Gross income<br>(before deductions and exclusions) |

---

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

**6.    Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐    No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐    No.    Go to line 7.
☐    Yes    List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
\* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

■    Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■    No.    Go to line 7.
☐    Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

---

| Debtor 1 | **Jaki Rashed Clanton** | Case number (*if known*) | **19-33937** |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Chesterfield Federal Credit Union v. Jaki Rashed Clanton**<br>GV16020433-02 | Garnishment | **Chesterfield General District**<br>P. O. Box 144<br>**Chesterfield, VA 23832** | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Released** |
| **WAS Holdings LLC v. Jaki Rashed Clanton**<br>GV18006752-00 | Unlawful Detainer | **Petersburg General District Court**<br>35 East Tabb Street<br>**Petersburg, VA 23803** | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Case Dismissed** |
| **WAS Holdings LLC v. Jaki Rashed Clanton**<br>GV19003666-00 | Unlawful Detainer | **Petersburg General District Court**<br>35 East Tabb St<br>**Petersburg, VA 23803** | ☐ Pending<br>☐ On appeal<br>■ Concluded<br><br>**Case Dismissed** |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐ No. Go to line 11.
■ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|

| Debtor 1 | **Jaki Rashed Clanton** | Case number *(if known)* | **19-33937** |

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| **Chesterfield Federal C**<br>**6737 Public Safety Way**<br>**Chesterfield, VA 23832** | **Wages**<br><br>☐ Property was repossessed.<br>☐ Property was foreclosed.<br>■ Property was garnished.<br>☐ Property was attached, seized or levied. | **06/2019 -**<br>**08/2019** | **$1,100.00** |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

**Part 5:    List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

**Part 6:    List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|

Debtor 1    **Jaki Rashed Clanton**                                    Case number *(if known)*    **19-33937**

---

<div style="background:black;color:white">**Part 7:**</div>    **List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
    Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

    ☐ No
    ■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Throop Law P.C.<br>530 E Main Street STE 1020<br>Richmond, VA 23146<br>stephen@throoplaw.com | **Filing Fee and Credit Report** | **7/26/2019** | **$375.00** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
    Do not include any payment or transfer that you listed on line 16.

    ■ No
    ☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
    Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

    ■ No
    ☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

    ■ No
    ☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

<div style="background:black;color:white">**Part 8:**</div>    **List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
    Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

    ■ No
    ☐ Yes. Fill in the details.

| Name of Financial Institution and Address *(Number, Street, City, State and ZIP Code)* | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Jaki Rashed Clanton**                                           Case number *(if known)*    **19-33937**

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution<br>**Address** (Number, Street, City, State and ZIP Code) | **Who else had access to it?**<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | **Do you still have it?** |
|---|---|---|---|
| | | | |

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility<br>**Address** (Number, Street, City, State and ZIP Code) | **Who else has or had access to it?**<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | **Do you still have it?** |
|---|---|---|---|
| | | | |

**Part 9:**    Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

**Part 10:**    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25. **Have you notified any governmental unit of any release of hazardous material?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

| Debtor 1 | Jaki Rashed Clanton | | Case number (*if known*) | 19-33937 |

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

■ No. None of the above applies.  Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|
| | | |

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

■ No
☐ Yes. Fill in the details below.

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Jaki Rashed Clanton**

| **Jaki Rashed Clanton** **Signature of Debtor 1** | **Signature of Debtor 2** |
|---|---|

| Date   **August 19, 2019** | Date |
|---|---|

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jaki Rashed Clanton** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA | | |
| Case number | 19-33937 | | |
| (if known) | | | |

☐ Check if this is an amended filing

# Official Form 108

## Statement of Intention for Individuals Filing Under Chapter 7    12/15

**If you are an individual filing under chapter 7, you must fill out this form if:**

■ **creditors have claims secured by your property, or**

■ **you have leased personal property and the lease has not expired.**

**You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form**

**If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).**

**Part 1:    List Your Creditors Who Have Secured Claims**

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's name:<br><br>Description of property securing debt: | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☐ Yes |
| Creditor's | ☐ Surrender the property. | ☐ No |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

| Debtor 1 | **Jaki Rashed Clanton** | Case number *(if known)* | **19-33937** |

| name: | | ☐ Retain the property and redeem it. | ☐ Yes |
| Description of property securing debt: | | ☐ Retain the property and enter into a *Reaffirmation Agreement*. ☐ Retain the property and [explain]: _____ | |

---

**Part 2:    List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill
in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended.
You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name: Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No<br>☐ Yes |
| Lessor's name: Description of leased Property: | ☐ No<br>☐ Yes |

**Part 3:    Sign Below**

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal
property that is subject to an unexpired lease.

X **/s/ Jaki Rashed Clanton** _____     X _____
**Jaki Rashed Clanton**                               Signature of Debtor 2
Signature of Debtor 1

Date **August 19, 2019** _____           Date _____

---

## United States Bankruptcy Court
### Eastern District of Virginia

In re    **Jaki Rashed Clanton**                                                  Case No.   **19-33937**
_____        _____
                                   Debtor(s)             Chapter   **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ................................................ $            **2,400.00**

    Prior to the filing of this statement I have received ..................................... $                **0.00**

    Balance Due ........................................................................................ $            **2,400.00**

2.  The source of the compensation paid to me was:

    ■ Debtor        ☐ Other (specify)

3.  The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify)

4.  ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ■ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached. **25% of all fees collected shared with National Access**

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Other provisions as needed:
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:
        **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

# CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**August 19, 2019**
*Date*

**/s/ Stephen Leigh Flores**
**Stephen Leigh Flores 92900**
*Signature of Attorney*

**Throop Law P.C.**
*Name of Law Firm*
**530 E Main Street STE 1020**
**Richmond, VA 23219**
**804-299-5222  Fax: 804-299-5202**

---

*For use in Chapter 13 Cases where Fees Requested <u>Not in Excess of $5,296</u>*
*<u>(For all Cases Filed on or after 01/01/2019)</u>*

## NOTICE TO DEBTOR(S), STANDING CHAPTER 13 TRUSTEE AND UNITED STATES TRUSTEE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2016-1(C) AND
## CLERK'S CM/ECF POLICY 9

Notice is hereby given that pursuant to Local Bankruptcy Rule 2016-1(C), you must file an objection with the court to the fees requested in this disclosure of compensation opposing said fees in their entirety, or in a specific amount, no later than the last day for filing objections to confirmation of the chapter 13 plan.

### PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Notice was served upon the debtor(s), the standing Chapter 13 trustee, and U. S. trustee pursuant to Local Bankruptcy Rule 2016-1(C) and the Clerk's CM/ECF Policy 9, either electronically or in paper form (first class mail).

*Date*

*Signature of Attorney*

DocuSign Envelope ID: F8E70731-8404-4C74-AD08-AEC47619050F

## ACCOUNTS RECEIVABLE FACTORING AGREEMENT

THIS ACCOUNTS RECEIVABLE FACTORING AGREEMENT (this "**Agreement**") is made by and between NATIONAL ACCESS, LLC, a Utah Limited Liability Company ("**Lender**") and Throop Law, P.C., a Virginia Corporation, and is effective on the date the Lender signs this Agreement, which is indicated below its signature (the "**Effective Date**"). Lender and Borrower may each be referred to hereafter individually as a "**Party**" and collectively as the "**Parties**."

### Recitals

A.      WHEREAS, Borrower represents numerous debtors and/or clients, each a client (collectively, "**Client**") in connection with driving under the influence proceedings ("DUI"), family law matters, immigration, misdemeanors, and/or federal bankruptcy filings & proceedings; and

B.      WHEREAS, Borrower desires to obtain financing from the Lender to be used for Borrower's general business purposes.

### Agreement

NOW, THEREFORE, in consideration of the covenants and promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Lender hereby agree as follows:

1.      **Loan**.  During the Term, and with respect to the terms and conditions stated in this Agreement, the Lender shall advance to Borrower, from time to time, up to an aggregate of Three Hundred Thousand Dollars ($300,000.00), (the "Loan"), against valid accounts receivables of Borrower assigned to Lender in an amount up to $400.000 (the "**Contract Ceiling Amount**").  Funds will be advanced in the ratio of a 75% advance rate (the "**Advance Rate**") against the face value of assigned accounts receivable (the "**Contract Face Value**").   All money lent by Lender is to be paid by Borrower in lawful money of the United States of America.

     1.1      **Review Fee.** The Borrower shall pay National Access a fee of $25 for the review and processing of each uploaded Engagement.  The Review Fee shall  be paid out of each funded Engagement.

     1.2      **Initial Sign On Fee.** The Borrower shall pay National Access, a one-time fee of **$_____**, for loading Borrower's details into the National Access system. This one-time set-up fee is to be paid out of Borrower's initial Engagement advance.

2.      **Acceptance of Engagements**.   On a weekly basis, or dependent on Borrower's needs and agreed by Company, Borrower shall submit to the Lender all new Engagements for which Borrower wishes to obtain financing hereunder (each, an "**Engagement**" and collectively, the "**Factored A/R**"), together with required documentation as required on the Lender's online

portal (e.g., pay stubs of each such client, etc.). Each such engagement will be made on a flat fee arrangement and represents a draw. The Lender will review each engagement and under Lender's discretion will decide whether to accept and finance such engagement on the terms contained herein. In the event the Lender agrees to advance capital against any such engagement, the Lender will advance to Borrower an amount equal to the Advance Rate, less the Review Fee and amounts for building up or maintaining the Escrow, as needed and set forth in Section 3 below.

3.      **Escrow.** Lender will withhold an **additional** five percent (5%) from all advances ("**Establishment**") to Borrower and deposit such amounts in escrow until a minimum $5,000 escrow balance has been established for each $100,000 of Contract Face Value advanced (the "**Escrow**"). The Escrow balance is to be used for all costs and expenses incurred by National Access arising from default, late payment, application of default interest, or any other fees associated with collecting on any assigned Engagement, such adjustments may be done on a monthly reconciliation basis, or as needed. Borrower shall shall keep and maintain a minimum Escrow balance of $5,000 after Establishment through necessary withholdings by Lender. Lender shall be able to withdraw from Escrow the imputed interest payments due hereunder, as well as any merchant or other service processing fees and expenses (such as wire transfer fees, credit card fees, insufficient funds fees, etc.) it incurs in connection with payment processing on behalf of Borrower, including reconciliation for non-payment. Should Borrower have the required Escrow balance, post Establishment, National Access shall advance 75% on future Engagements, less fees. For example, if Lender has advanced funds against $325,000 in Contract Face Value, then the Escrow would be $15,000 ($5,000 for each $100,000 in Contract Face Value). In the event this Agreement is terminated by Lender, Borrower shall be required to return to Lender any balance that remains in Escrow after all Engagements submitted by Borrower have finally settled. Lender reserves the right to increase the Escrow amount up to 10% of the contract value with 30 days written notice.

4.      **Term; Exclusivity.** Throughout the term of this Agreement, Lender agrees to act as an accounts receivable lending party to Borrower, and Borrower agrees that it will not use any other accounts receivable lenders other than National Access, LLC. Borrow agrees that it will not open any other competing lines of credit without the approval of Lender. The initial term of this Agreement shall commence on the Effective Date and shall continue for one (1) year unless earlier terminated by either party in accordance with this Agreement. In the event that neither party delivers not less than ninety (90) days advance written notice prior to the end of the then applicable term of its intent to not renew this Agreement, this Agreement shall automatically renew for another one (1) year. Notwithstanding the foregoing, for so long as there remains any amount owing hereunder, Borrower shall not have the right to terminate this Agreement or prevent any renewal of the term hereof.

5.      **Engagement Agreement.** Borrower does hereby affirm, represent and warrant that (i) the engagement agreement between Borrower and each Client discloses the existence or potential existence of this Agreement, (ii) Client has been provided an opportunity to ask Borrower questions regarding this Agreement, (iii) Borrower has answered all such questions to Client's satisfaction, and (iv) Client has consented in writing to Borrower's disclosure of the Client's file to Lender. Borrower does hereby acknowledge and agree that Lender may and shall

rely on the representations and warranties contained in this Section 5. In the event any of the above is untrue, Borrower shall hold Lender harmless and indemnify Lender from any and all losses reasonably related thereto, including attorneys' fees, court costs and all other expenses. Notwithstanding the foregoing, Lender shall have the right to approve of Borrower's form engagement agreement. Borrower shall notify Lender of any changes made thereto.

For example, such engagement agreement may contain language such as the following:

> "You acknowledge and agree that we may borrow or receive an advance of funds from a third party lender or an accounts receivable factor to pay certain of the costs associated with the legal engagement contemplated hereby. You also agree that for administrative convenience you may be required to remit payment hereunder to such third party lender or National Access upon receipt of notice from us or such party."

6.      **Place of Performance**.  The place of performance of all obligations of Borrower and Lender shall be Salt Lake City, Utah.  Lender shall have five (5) business days from the time it receives a signed copy of this Agreement from Borrower (the "**Acceptance Deadline**") to accept Borrower's offer to enter into the Agreement. If Lender does not notify Borrower of its acceptance before the Acceptance Deadline, then Borrower's offer shall automatically lapse. For the avoidance of doubt, this Agreement shall not be deemed effective until such time as Lender executes this Agreement at its principal office in Salt Lake City, Utah (the "**Principal Office**"). Thereafter, all loan proceeds shall be disbursed to Borrower from Lender's bank located in the State of Utah. All payments due and owing hereunder to Lender shall be paid at the Principal Office. For the avoidance of doubt, all payments due and owing hereunder to Lender shall be deemed to have been paid at the Principal Office when (a) such payments are either received in Lender's bank account in Utah or delivered to Lender at the Principal Office, and (b) if payment is made via electronic transfer, Borrower delivers notice of the initiation of such transfer to Lender via electronic mail, facsimile or otherwise. Lender shall deliver to Borrower an electronic mail address, facsimile number or other delivery information as requested by Borrower in order to comply with this Section 6.

7.      **Default; Remedies**.  This Agreement shall be in default upon the happening of any one of the following events:  (1) Borrower shall breach any representation, warranty or covenant of the Borrower set forth herein and/or any other document, agreement or instrument executed and delivered in connection herewith; (2) Borrower defaults in the performance of any other obligation to the Lender; (3) insolvency of Borrower or the commencement of any proceeding by or against Borrower for any relief under any bankruptcy or insolvency laws, or any laws relating to the relief of debtors, readjustments of indebtedness, reorganization, compositions or extensions; or (4) default of any term or condition contained in this Agreement or in any other agreement given in connection with this Agreement.  In the event of any default, Lender may, at its option, declare the entire unpaid principal balance, together with any other charges, including Lender's reasonable attorney's fees, to be immediately due and payable. Lender's remedies shall be cumulative with any and all other remedies available to it at law or in equity.  Borrower waives any right to protest, presentment, notice, dishonor, notice of dishonor, or demand.  Lender may delay enforcing any of its rights under this Agreement without losing or

waiving them.  Lender's waiver of any default shall not constitute a waiver of any subsequent default.

> a.  **Default Interest rate**.  At the time an engagement is accepted, it shall be with an approved payment authorization form which includes a scheduled repayment plan, establishing the payment dates for the repayment of the Contract Face Value.  In the event late payments occur, default interest shall accrue on the late balance at the default interest rate of 0.15% per day.  Default interest may be offset by Lender against the Escrow.

8.    **Recourse.**  In the event of Default, Lender shall have no recourse to any of Client's assets. Lender has not extended nor will extend a loan or credit to Borrower's Clients. All money borrowed is exclusively a debt of Borrower. Therefore, Lender's recovery shall be limited to the terms of this Agreement and Lender shall look exclusively to Borrower and Borrower's assets for recovery.  Furthermore, notwithstanding anything to the contrary in this Agreement, in the event of any Default resulting in Lender needing to exercise its rights as a secured creditor, Lender agrees to first look to satisfy any amounts owing hereunder from receipt of payment related to the Factored A/R.  Once Lender has done so, Lender may then seek remuneration from other collateral of Borrower.

9.    **Confidentiality**. Each party shall treat and hold as confidential all information related to this Agreement, including the existence of the Agreement itself, or concerning the businesses and affairs of the parties that is not already generally available to the public ("**Confidential Information**"), refrain from using any of the Confidential Information except in connection with this Agreement, and deliver promptly to the other party or destroy, at the request and option of such other party, all tangible embodiments (and all copies) of the Confidential Information which are in his/her or its possession.  In the event that a party or any of the party's members is requested or required (by oral request for information or documents in any legal proceeding, interrogatory, subpoena, civil investigative demand, or similar process) to disclose any Confidential Information, that such party will notify the other party promptly of the request or requirement so that the other party may seek an appropriate protective order or waive compliance with the provisions of this Section 9.  If, in the absence of a protective order or the receipt of a waiver hereunder, the party or the party's members are, on the advice of counsel, compelled to disclose any Confidential Information to any tribunal or else stand liable for contempt, the party or the party's members, shareholders or partners (as the case may be) may disclose the Confidential Information to the tribunal; provided, however, that the party and the party's members, shareholders or partners shall use their reasonable best efforts to first obtain, at the reasonable request of the other party, an order or other assurance that confidential treatment will be accorded to such portion of the Confidential Information required to be disclosed as the other party shall designate.

10.    **Special Rights.**  Borrower does hereby agree that Lender may (i) provide written notice, authenticated by Borrower, to Client that all amounts owed to Borrower by Client are payable only to Lender, (ii) instruct Client to make payment on such invoices due from Client either to Lender's mailing address or to one of Lender's bank accounts, as Lender may determine from time to time in writing, (iii) take all necessary steps so that payments and remittance information are directed to Lender, and (iv) take such other action as Lender may reasonably

request in connection with, or to further, any of the foregoing. Borrower does hereby acknowledge, understand and agree that Lender may at any time in its sole discretion also take any of the foregoing actions and/or verify that Borrower has taken any of the foregoing actions. All invoices, or their equivalents, will be promptly mailed or otherwise transmitted by Borrower to Client at Borrower's expense. Borrower shall provide Lender with copies of all invoices (or the equivalent thereof) and proof of shipment or delivery, all as Lender may reasonably request.

11. **Usury Savings Clause.** Notwithstanding any other provision herein, the aggregate interest rate charged with respect to the Loan, including all charges or fees in connection therewith deemed in the nature of interest under applicable law shall not exceed the highest rate allowable under applicable law (the "Highest Lawful Rate"). If the rate of interest (determined without regard to the preceding sentence) under this Agreement at any time exceeds the Highest Lawful Rate, the outstanding amount of the Loan made hereunder shall bear interest at the Highest Lawful Rate until the total amount of interest due hereunder equals the amount of interest which would have been due hereunder if the stated rates of interest set forth in this Agreement had at all times been in effect. In addition, if and when the Loan made hereunder is repaid in full the total interest due hereunder (taking into account the increase provided for above) is less than the total amount of interest which would have been due hereunder if the stated rates of interest set forth in this Agreement had at all times been in effect, then to the extent permitted by law, Borrower shall pay to Lender an amount equal to the difference between the amount of interest paid and the amount of interest which would have been paid if the Highest Lawful Rate had at all times been in effect. Notwithstanding the foregoing, it is the intention of Lender and Borrower to conform strictly to any applicable usury laws. Accordingly, if Lender contracts for, charges, or receives any consideration which constitutes interest in excess of the Highest Lawful Rate, then any such excess shall be cancelled automatically and, if previously paid, shall at such Lender's option be applied to the outstanding amount of the Loan made hereunder or be refunded to Borrower.

12. **Security**. In order to secure the performance of Borrower's obligations contained herein Borrower shall pledge all of its right, title and interest in and to all of Borrower's accounts receivable, whether past, present or future, pursuant to that certain Security Agreement, attached hereto as *Exhibit A*.

13. **Further Assurances.** Each of the Parties mutually agrees to execute and deliver such further instruments of transfer or conveyance and take such further actions and steps as reasonably may be necessary in order to effectuate the transactions contemplated by this Agreement.

14. **Binding Effect and Assignability.** This Agreement shall inure to the benefit of and be binding upon Lender and Borrower and their respective heirs, executors, administrators, personal representatives, successors and assigns. This Agreement contains all of the terms and conditions agreed upon by the parties and no other contracts, oral or otherwise, regarding the subject matter of this Agreement, including without limitation the Borrower's operating agreement, or other organizational documents, shall be deemed to exist between or bind any of the parties hereto. Borrower may not assign its obligations under this Agreement without Lender's prior written consent.

DocuSign Envelope ID: E8E70731-8404-4C74-AD08-AEC47619050F

15.　**Counterparts.**  This Agreement may be executed in counterparts, each of which when executed and delivered shall be an original, but both such counterparts shall constitute one and the same instrument.

16.　**Amendment.**  Neither this Agreement nor any term or provision hereof may be changed, waived, discharged or terminated orally, or in any manner other than by an instrument in writing signed by the Party against whom the enforcement of the change, waiver, discharge or termination is sought.

17.　**Severability of Provisions.**  Each provision of this Agreement shall be considered severable if, and to the extent that, any provision of this Agreement is determined by a court of competent jurisdiction to be invalid and, after deleting such invalid or contrary provision(s), the mutual considerations among the Parties to this Agreement shall not be deemed materially altered, and the disregarding of such provisions shall not significantly impair the operation or effect of the portions of this Agreement that are valid.

18.　**No Legal Advice or Attorney-Client Relationship**.  Under no circumstances is the Lender's attorney-client relationship with Client being transferred to National Access. The parties each acknowledge that National Access is not a law firm and National Access is not providing legal advice to the Borrower or the Borrower's Clients. Accordingly, there is no attorney client relationship between the Borrower and Lender and between the Borrower's Clients and Lender. The Borrower is responsible for all attorney-client and ethical responsibilities associated with a traditional attorney-client relationship with Client.

19.　**Captions.**  The captions used herein are for ease of reference only and shall not define or limit the provisions hereof.

20.　**Governing Law.**  This Agreement shall be interpreted and governed in accordance with the laws of the State of Utah without regard to conflicts of laws principles. The Parties expressly consent and agree that any dispute, controversy, legal action or other proceeding that arises under, results from, concerns or relates to this Agreement must be brought exclusively in the state or federal courts located in Salt Lake County,  Utah, and acknowledge that they will accept service of process by registered or certified mail or the equivalent directed to their last known address as determined by the other Party in accordance with this agreement or by whatever other means are permitted by such courts. The Parties acknowledge that said courts have exclusive jurisdiction over any such dispute or controversy, and that they hereby waive any objection to personal jurisdiction or venue in these courts or that such courts are an inconvenient forum.  EACH PARTY HEREBY IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION (WHETHER BASED ON CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE ACTIONS OF SUCH PARTY IN THE NEGOTIATION ADMINISTRATION, PERFORMANCE, AND ENFORCEMENT HEREOF.

21.　**Notices**.  Except as provided in Section 5, all notices hereunder shall be in writing and shall be deemed to have been sufficiently given or served when personally delivered,

deposited in the United States mail, by registered or certified mail, or deposited with a reputable overnight mail carrier, which provides for delivery of such mail to be traced, addressed as follows:

| If to Lender: | NATIONAL ACCESS, LLC<br>Attn: Jason Wilkinson<br>4609 S. 2300 E. STE 103<br>Salt Lake City, UT 84117 |
|---|---|
| If to Borrower: | THROOP LAW, P.C.<br>Attn: Matthew Throop<br>530 East Main Street, Suite 1020<br>Richmond, Virginia 23219 |

22.    **Integrated Agreement**.  This Agreement and the other agreements, documents, obligations, and transactions contemplated by this Agreement constitute the entire agreement between Lender and Borrower with respect to the subject matter of these agreements.  THE PARTIES AGREE THAT SUCH AGREEMENTS ARE A FINAL EXPRESSION OF THE AGREEMENT BETWEEN LENDER AND BORROWER AND THESE AGREEMENTS MAY NOT BE CONTRADICTED BY EVIDENCE OF ANY ALLEGED ORAL AGREEMENT.

*[Signatures on following page]*

DocuSign Envelope ID: EBE70731-8404-4C74-AD08-AEC17619050F

IN WITNESS WHEREOF, Lender and Borrower have executed and delivered this Loan Agreement to be effective for all purposes as of the Effective Date.

**LENDER:**                                         **BORROWER:**

NATIONAL ACCESS, LLC                   Throop Law, P.C.
a Utah Limited Liability Company        a Virginia Corporation


By: _Jason Wilkinson_____     By: _Matthew Throop_____
Name: Jason Wilkinson                        Name: Matthew Throop
Title:  Manager                                   Title:  President
Date:  6/26/2018 1:23:04 PM PDT          Date:  6/26/2018 1:32:42 PM PDT

**EXHIBIT A**

**SECURITY AGREEMENT**

# SECURITY AGREEMENT

THIS SECURITY AGREEMENT ("**Security Agreement**") is made by and between NATIONAL ACCESS, LLC, a Utah Limited Liability Company (the "**Secured Party**") and Throop Law, P.C., a Virginia Corporation, and shall be effective as of the date Borrower executes this Agreement, as indicated below Borrower's signature below (the "**Effective Date**").

R E C I T A L S:

**WHEREAS**, Secured Party has agreed to loan to the Borrower certain amount(s) pursuant to that certain Accounts Receivable Factoring Agreement by and between the Borrower and Secured Party of even date hereto (the "**Factoring Agreement**"), to which this Security Agreement is attached as Exhibit A thereto.

**WHEREAS**, in order to induce Secured Party to enter into the Factoring Agreement, Borrower agreed to enter into this Security Agreement and to grant to Secured Party a security interest in the Collateral described below.

A G R E E M E N T:

**NOW**, **THEREFORE**, in consideration of the above recitals and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Borrower and Secured Party hereby agree as follows:

1.    <u>Definitions and Interpretation</u>.    When used in this Security Agreement, the following terms have the following respective meanings:

"*Collateral*" shall mean all of the accounts receivable of Debtor, whether past, present or future, and all proceeds therefrom.

"*Lien*" shall mean, with respect to any property, any security interest, mortgage, pledge, lien, claim, charge or other encumbrance in, of, or on such property or the income therefrom.

"*Obligations*" means all obligations arising or owed by Borrower to Secured Party or its affiliates under the Revolving Promissory Note, the Factoring Agreement or this Security Agreement.

"*Person*" shall mean and include an individual, a partnership, a Corporation, doing business as Recovery Law Group (including a business trust), a joint stock company, a limited liability company, an unincorporated association, a joint venture or other entity or a governmental authority.

"*Permitted Liens*" means (a) Liens for taxes not yet delinquent or Liens for taxes being

contested in good faith and by appropriate proceedings for which adequate reserves have been established; (b) Liens in respect of property or assets imposed by law which were incurred in the ordinary course of business, such as carriers', warehouse men's, material men's and mechanics' Liens and other similar Liens arising in the ordinary course of business which are not delinquent or remain payable without penalty or which are being contested in good faith and by appropriate proceedings; (c) Liens which constitute rights of set off of a customary nature or banker's liens, whether arising by law or by contract; (d) Liens which are specifically approved prospectively in writing by Secured Party.  Except as specifically set forth herein, a Lien's designation as a Permitted Lien shall not be deemed to grant priority to such Lien holders with respect to the security interests granted to Secured Party by this Agreement.

"*UCC*" means the Uniform Commercial Code as in effect in any State where any Engagement collateral resides.

Unless otherwise defined herein, all terms defined in the UCC have the respective meanings given to those terms in the UCC.

2.      <u>Grant of Security Interest</u>

(a)      As security for the Obligations, Borrower hereby pledges and grants to Secured Party a security interest in all right, title and interests of Borrower in and to the Collateral.

(b)      Borrower hereby irrevocably agrees to deliver any and all certificates, if any, representing the Collateral to the Secured Party together with a Power to Transfer the same executed in blank in favor of Secured Party.

(c)      Borrower hereby irrevocably authorizes the Secured Party, to the extent that the Secured Party deems it necessary or advisable, to file in any filing office in any UCC jurisdiction any initial financing statements and amendments thereto that identifies the Collateral and provides any other information required by the UCC for the sufficiency or filing office acceptance of any financing statement or amendment.

3.      <u>General Representations and Warranties</u>.  Borrower represents and warrants to Secured Party that (i) Borrower is the owner of the Collateral (or, in the case of after-acquired Collateral, at the time Borrower acquires rights in the Collateral, will be the owner thereof) and that no other Person has (or, in the case of after-acquired Collateral, at the time Borrower acquires rights therein, will have) any right, title, claim or interest (by way of Lien or otherwise) in, against or to the Collateral, other than Permitted Liens; and (ii) upon the filing of a UCC financing statement describing the Collateral and any after-acquired Collateral and otherwise complying with the requirements of the UCC in the appropriate filing office, Secured Party will have a perfected security interest in the Collateral to the extent that a security interest in the Collateral can be perfected by such filing, subject to any Permitted Liens.

4.      <u>Covenants Relating to Collateral</u>.   Borrower hereby agrees (i) to perform all acts

that may be necessary to maintain, preserve, protect and perfect the Collateral, the Lien granted to Secured Party therein and the perfection and priority of such Lien, subject to any Permitted Liens; (ii) to pay promptly when due all taxes and other governmental charges, all Liens other than Permitted Liens and all other charges now or hereafter imposed upon or affecting any Collateral; (iii) to procure, execute and deliver from time to time any endorsements, assignments, financing statements and other writings reasonably deemed necessary or appropriate by Secured Party to maintain and protect its Lien hereunder and the priority thereof and to deliver promptly upon the request of Secured Party all originals of Collateral consisting of instruments; (iv) to appear in and defend any action or proceeding which may affect its title to or Secured Party's interest in the Collateral; (v) not to surrender or lose possession of (other than to Secured Party), sell, encumber, lease, rent, or otherwise dispose of or transfer any Collateral or right or interest therein, and to keep the Collateral free of all Liens except Permitted Liens; and (vi) if requested by Secured Party, to type, print or stamp conspicuously on the face of all original copies of all Collateral a legend satisfactory to Secured Party indicating that such is subject to the security interest granted hereby; and (vii) to discuss Borrower's affairs, finances and accounts with its directors, officers, and independent public accountants.

5.    <u>Litigation and Other Proceedings</u>.    Upon the occurrence and during the continuation of an event of default, Secured Party shall have the right but not the obligation to bring suit or institute proceedings in the name of Borrower or Secured Party to enforce any rights in the Collateral, including any license thereunder, in which event Borrower shall at the request of Secured Party do any and all lawful acts and execute any and all documents reasonably required by Secured Party in aid of such enforcement.

6.    <u>Default and Remedies</u>.

(a)    <u>Default</u>.    Borrower shall be deemed in default under this Security Agreement upon the occurrence and during the continuance of a default or breach of any of Borrower's obligations arising under the terms of the Revolving Promissory Note, the Factoring Agreement, or this Security Agreement or any other Security Agreement.

(b)    <u>Remedies</u>.    Upon the occurrence and during the continuance of any event of default, Secured Party shall have the rights of a secured creditor under the UCC and all rights granted by this Security Agreement, and by law.

(c)    <u>Application of Collateral Proceeds</u>.    The proceeds and/or avails of the Collateral, or any part thereof, and the proceeds and the avails of any remedy hereunder (as well as any other amounts of any kind held by Secured Party at the time of, or received by Secured Party after, the occurrence of an event of default) shall be paid to and applied as follows:

(i)    First, to the payment of reasonable costs and expenses, including all amounts expended to preserve the value of the Collateral, of foreclosure or suit, if any, and of such sale and the exercise of any other rights or remedies, and of all proper fees, expenses, liability and advances, including reasonable legal expenses and attorneys' fees, incurred or made hereunder by Secured Party;

(ii)    Second, to the payment to Secured Party of the amounts outstanding under the Factoring Agreement and the Revolving Promissory Note;

(iii)    Third, to the payment of the surplus, if any, to Borrower, its successors and assigns, or to whomsoever may be lawfully entitled to receive the same.

7.    <u>Miscellaneous</u>.

(a)    <u>Notices</u>.    Except as otherwise provided herein, all notices, requests, demands, consents, instructions or other communications to or upon Borrower or Secured Party under this Security Agreement shall be in writing and faxed, mailed or delivered to each party to the facsimile number or the address set forth in the signature page hereof.

(b)    <u>Non Waiver</u>.    No failure or delay on the part of Secured Party in exercising any of its rights hereunder will operate as a waiver thereof or of any other right nor shall any single or partial exercise of any such right preclude any other further exercise thereof or of any other right.

(c)    <u>Amendments and Waivers</u>.  This Security Agreement may not be amended or modified, nor may any of its terms be waived, except by written instruments signed by Borrower and Secured Party.  Each waiver or consent under any provision hereof shall be effective only in the specific instances for the purpose for which given.

(d)    <u>Assignments</u>.  This Security Agreement shall be binding upon and inure to the benefit of Secured Party and Borrower and their respective successors and assigns; provided, however, that Borrower may not sell, assign or delegate rights and obligations hereunder without the prior written consent of Secured Party.

(e)    <u>Cumulative Rights, etc</u>.  The rights, powers and remedies of Secured Party under this Security Agreement shall be in addition to all rights, powers and remedies given to Secured Party by virtue of any applicable law, rule or regulation of any governmental authority and the Factoring Agreement, all of which rights, powers, and remedies will be cumulative and may be exercised successively or concurrently without impairing Secured Party's rights hereunder.  Borrower waives any right to require Secured Party to proceed against any person or entity or to exhaust any Collateral or to pursue any remedy in Secured Party's power.

(f)    <u>Payments Free of Taxes, Etc</u>.  All payments made by Borrower under the Factoring Agreement will be made by Borrower free and clear of and without deduction for any and all present and future taxes, levies, charges, deductions and with-holdings.

(g)    <u>Partial Invalidity</u>.  If at any time any provision of this Security Agreement is or becomes illegal, invalid or unenforceable in any respect under the law of any jurisdiction, neither the legality, validity or enforceability of the remaining provisions of this Security Agreement nor the legality, validity or enforceability of such provision under the law of any other jurisdiction shall in any way be affected or impaired thereby.

(h)    Expenses.    Borrower shall pay on demand all reasonable fees and expenses, including reasonable attorneys' fees and expenses, incurred by Secured Party in connection with the custody, preservation or sale of, or other realization on, any of the Collateral or the enforcement or attempt to enforce any of the Obligations which is not performed as and when required by this Security Agreement.

(i)    Construction.    Each of this Security Agreement and the Factoring Agreement is the result of negotiations among, and has been reviewed by, Borrower and Secured Party.    Accordingly, this Security Agreement and the Factoring Agreement will be deemed to be the product of all parties hereto, and no ambiguity shall be construed in favor of or against Borrower or Secured Party.

(j)    Entire Agreement.    This Security Agreement and the Factoring Agreement constitute and contain the entire agreement of Borrower and Secured Party and supersede any and all prior agreements, negotiations, correspondence, understandings and communications among the parties, whether written or oral, respecting the subject matter hereof.

(k)    Governing Law.    This Security Agreement shall be governed by and construed in accordance with the laws of the State of Utah without regard to conflicts of law principles.    The Parties expressly consent and agree that any dispute, controversy, legal action or other proceeding that arises under, results from, concerns or relates to this Security Agreement must be brought exclusively in any state or federal court located in Salt Lake County, Utah, and acknowledge that they will accept service of process by registered or certified mail or the equivalent directed to their last known address as determined by the other Party in accordance with this agreement or by whatever other means are permitted by such courts.    The Parties acknowledge that said court has exclusive jurisdiction over any such dispute or controversy, and that they hereby waive any objection to personal jurisdiction or venue in these courts or that such courts are an inconvenient forum.

(l)    Counterparts.    This Security Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall be deemed to constitute one instrument.

(m)    Waiver of Right to Jury.    In order to avoid delays and minimize expense Borrower and Secured Party knowingly, voluntarily and intentionally waive any right to trial by jury in respect of any claim, demand, action or cause of action arising out of, under or in connection with this agreement or any related writing or any amendment thereto, whether now existing or hereinafter arising and whether sounding in contract or tort or otherwise, and each party hereby agrees and consents that any such claim, demand, action or cause of action shall be decided by a court trial without a jury, and a copy of this agreement may be filed with any court as evidence of the consent of each of the parties hereto to the waiver of its right to trial by jury.

*[Signatures on following page]*

DocuSign Envelope ID: EBE70731-8404-4C74-AD08-AEC17619050F

**IN WITNESS WHEREOF**, the Secured Party and Borrower have caused this Security Agreement to be executed as of the Effective Date.

**SECURED PARTY:**                                      **BORROWER:**

NATIONAL ACCESS, LLC                          Throop Law, P.C.
a Utah Limited Liability Company            a Virginia Corporation

By: _Jason Wilkinson_____        By: _Matthew Throop_____
Name: Jason Wilkinson                              Name: Matthew Throop
Title:  Manager                                          Title:  President
Date:  6/26/2018 1:23:04 PM PDT            Date:  6/26/2018 1:32:42 PM PDT


Address:                                                  Address:
NATIONAL ACCESS, LLC                          THROOP LAW, P.C.
Attn: Jason Wilkinson                              Attn: Matthew Throop
4609 S. 2300 East Suite 103                    530 East Main Street, Suite 1020
Salt Lake City, Utah 84117                      Richmond, Virginia 23219

<table>
<tr><td colspan="2">

**Fill in this information to identify your case:**

Debtor 1      **Jaki Rashed Clanton**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:      Eastern District of Virginia

Case number      **19-33937**
(if known)
</td></tr>
</table>

**Check one box only as directed in this form and in Form 122A-1Supp:**

☑ 1. There is no presumption of abuse

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A – 1
# Chapter 7 Statement of Your Current Monthly Income          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

### Part 1:      Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☑ **Not married**. Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

       ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

       ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 4,129.33 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ 0.00 | $ |

6. **Net income from rental and other real property**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 | $ |

| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ |
|---|---|---|---|

| Debtor 1 | **Jaki Rashed Clanton** | Case number *(if known)* | **19-33937** |

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

8. **Unemployment compensation** — $ **0.00**   $ _____

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you ............................................. $ _____ **0.00**

For your spouse ................................. $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. — $ **0.00**   $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

_____ . _____ $ **0.00**   $ _____

_____ $ **0.00**   $ _____

Total amounts from separate pages, if any. + $ **0.00**   $ _____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ **4,129.33** + $ _____ = $ **4,129.33**

*Total current monthly income*

---

| **Part 2:** | Determine Whether the Means Test Applies to You |

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 ................... Copy line 11 here==> $ **4,129.33**

Multiply by 12 (the number of months in a year) **x 12**

12b. The result is your annual income for this part of the form 12b. $ **49,551.96**

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live. **VA**

Fill in the number of people in your household. **1**

Fill in the median family income for your state and size of household. .......... 13. $ **61,864.00**

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ■ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
Go to Part 3 and fill out Form 122A-2.

---

| **Part 3:** | Sign Below |

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

**X /s/ Jaki Rashed Clanton**

**Jaki Rashed Clanton**
Signature of Debtor 1

Date **August 19, 2019**
MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

---

| Debtor 1 | **Jaki Rashed Clanton** | Case number (*if known*) | **19-33937** |
| --- | --- | --- | --- |

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **01/01/2019** to **06/30/2019**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **ASGO Manufacturing Inc**
Year-to-Date Income:
Total Year-to-Date Income:  **$24,776.00**  from check dated ___**6/30/2019**___.
Average Monthly Income:  **$4,129.33**.

## Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

**Chapter 11: Reorganization**

|  | $1,167 | filing fee |
|---|---|---|
| + | $550 | administrative fee |
|  | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Chapter 12: Repayment plan for family farmers or fishermen**

| | | |
|---|---|---|
| | $200 | filing fee |
| + | $75 | administrative fee |
| | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

**Chapter 13: Repayment plan for individuals with regular income**

| | | |
|---|---|---|
| | $235 | filing fee |
| + | $75 | administrative fee |
| | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

    domestic support obligations,

    most student loans,

    certain taxes,

    debts for fraud or theft,

    debts for fraud or defalcation while acting in a fiduciary capacity,

    most criminal fines and restitution obligations,

    certain debts that are not listed in your bankruptcy papers,

    certain debts for acts that caused death or personal injury, and

    certain long-term secured debts.

<div style="border:1px solid gray; background:#e0e0e0; padding:8px;">

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

</div>

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case.* If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.